## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 04-cv-00589-REB-PAC

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION UNDER FED.R.CIV.P. #60(B)(3)

**Blackburn, J.**

    The matter before me is plaintiff's Motion Under Fed.R.Civ.P. #60(b)(3) [#80], filed October 7, 2005. By this motion, plaintiff seeks leave to amend his complaint to add an access to courts claim. I deny the motion.

    Rule 60(b) allows a party to obtain relief from judgment only when he has shown "fraud . . ., misrepresentation, or misconduct of an adverse party." **FED.R.CIV.P.** 60(b)(3); *see also Cummings v. General Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004). Relief under the rule is an extraordinary remedy that may only be granted in exceptional circumstances. ***Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.***, 909 F.2d 1437, 1440 (10th Cit. 1990). The burden is on the movant to show that the prerequisites of the rule have been met by clear and convincing evidence. ***Cummings***, 365 F.3d at 955.

    Plaintiff's motion utterly fails to meet this burden. Instead, to the extent it shows

anything, the motion suggests nothing more than that the prison's legal library is inadequate to plaintiff's needs.  Assuming *arguendo* the truth of that averment, it does not demonstrate that defendants are chargeable with fraud, misrepresentation, or misconduct in connection with that circumstance.

**THEREFORE, IT IS ORDERED** that plaintiff's Motion Under Fed.R.Civ.P. #60(b)(3) [#80], filed October 7, 2005, is **DENIED**.

Dated December 12, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge